UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMUEL DUNHAM-BEY,

       Plaintiff,                                       Case No. 1:09-cv-00191

v.                                                   HON. JANET T. NEFF

CYNTHIA WEMPLE, et al.,

       Defendants.
_____/


**OPINION AND ORDER**

      Plaintiff filed this pro se prisoner civil rights action against Defendant Wemple and other unknown prison mail room clerks. On July 9, 2009, Defendant Wemple filed a Motion for Summary Judgment (Dkt 17). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on February 4, 2010, recommending that Defendant's motion be granted in part and denied in part (Dkt 35). Specifically, the Magistrate Judge concluded that Defendant Wemple is entitled to summary judgment on all claims against her except Plaintiff's First Amendment right-to-receive-legal-mail claim (Dkt 35 at 12). The Magistrate Judge also held that all claims against the remaining "Doe Defendants" should be dismissed without prejudice for Plaintiff's failure to timely effect service (*id*). On February 8, 2010, Defendants filed objections to the Report and Recommendation (Dkt 36). On February 18, 2010, Plaintiff filed objections to the Report and Recommendation (Dkt 37). On February 26, 2010, Plaintiff also filed a "Motion to Show Cause for Failure to Timely Effect Service on Doe Defendants" (Dkt 38).

The matter is presently before the Court on the parties' objections to the Report and Recommendation and Plaintiff's Motion to Show Cause. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the parties' objections and denies Plaintiff's Motion to Show Cause.

I

Defendant Wemple makes one general objection to the Report and Recommendation, supported by three corresponding arguments. Specifically, Defendant objects to the Magistrate Judge's recommendation that her motion for summary judgment as to Plaintiff's First Amendment right-to-legal-mail claim be denied (Dkt 35 at 8). In support of this objection, Defendant first argues that contrary to the Magistrate Judge's finding, "it has been established that the mail in question originated from the United States Supreme Court's Office of Public Information" (Dkt 36 at 2). Defendant points this Court's attention to a prison kite written by the Plaintiff, wherein the Plaintiff concedes that the mail in question was sent from the United States Supreme Court Office of Public Information (Dkt 31, Exh D).

Reviewing the prison kite and Plaintiff's brief in opposition to summary judgment, it is apparent that Plaintiff does not contest that the document in question was mailed from the Supreme Court Office of Public Information. In fact, Plaintiff concedes that "[t]he Public Information Office is not an issue" (Dkt 31 at 4). Furthermore, Plaintiff explains that the contents of the correspondence at issue was a copy of a published Supreme Court opinion (Dkt 31, Exhs C-D). In light of these considerations, this Court agrees that Defendant Wemple has established that the mail in question originated from the United States Supreme Court Office of Public Information.

2

Second, Defendant argues that mail from the United States Supreme Court Office of Public Information is not "legal mail" entitled to First Amendment Protections (Dkt 36 at 2). The Sixth Circuit Court of Appeals has held that "[t]he determination of whether particular kinds of correspondence qualify for the constitutional protection accorded a prisoner's 'legal mail' is a question of law properly decided by the court." *Sallier v. Brooks,* 343 F.3d 868, 873-74 (6th Cir. 2003) (holding that legal mail is entitled to a heightened level of protection to avoid impinging on a prisoner's legal rights, attorney-client privilege, and right of access to the courts).

In *Sallier,* 343 F.3d at 874, the Court held that "[n]ot all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights." For example, the *Sallier* Court held that mail from the American Bar Association, a county clerk, or a register of deeds does not generally constitute "legal mail" because it is not mail from someone who can provide legal advice or who can take action on behalf of a prisoner and therefore does not implicate a prisoner's right of access to the courts. *Id.* at 875-76. In contrast, the Court observed that mail from state and federal courts presents a more difficult question because "it will frequently, but not necessarily, involve a currently pending legal matter affecting the prisoner's rights." *Id.* at 876. The Court concluded that "[i]n order to guard against the possibility of a chilling effect on a prisoner's exercise of his or her First Amendment rights and to protect the right of access to the courts, we hold that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise." *Id.* at 877.

As the *Sallier* Court noted, and Defendant's objection highlights, it is difficult to decide whether mail from a court falls within the category of mail that should be constitutionally protected, especially where, as here, the correspondence is from an arm of the court and hindsight reveals that

3

the contents of the correspondence sent to the prisoner did not contain confidential, personal or privileged material. However, the *Sallier* panel has drawn a line for lower courts in holding that "mail from a court constitutes 'legal mail.'" Therefore, while Defendant's objection is appropriately presented, the Court determines that the Magistrate Judge did not err in applying the rule of law from *Sallier* and concluding that Defendant is not entitled to summary judgment on this particular basis.

Third, Defendant argues that the Magistrate Judge erred in declining to find that she is entitled to qualified immunity. Although Defendant raised this argument in her Motion for Summary Judgment, the Magistrate Judge did not address it in the Report and Recommendation. It is unnecessary to remand the matter to the Magistrate Judge for consideration as Defendant has restated the argument in her Second Motion for Summary Judgment (Dkt 40), which is currently pending before the Magistrate Judge.

II

Plaintiff makes three general objections to the Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's conclusion that "Defendant Wemple's [sic] is entitled to summary judgment as to Plaintiff's Access [sic] to the courts claim" (Dkt 37 at 2). This objection only states Plaintiff's disagreement with the Magistrate Judge's conclusion. It does not demonstrate any factual or legal error by the Magistrate Judge. The Court therefore denies Plaintiff's first objection.

Second, Plaintiff objects to the observation the Magistrate Judge made in a footnote that "while Plaintiff has specified in his complaint the specific monetary relief he seeks, he has failed to articulate the injunctive relief sought" (Dkt 35 at 2 n.2). Plaintiff attempts to remedy the deficit in his Complaint and requests an "order from the court specificing [sic] that [Defendant Wemple]

4

should open Plaintiff's legal mail only in his presence from the United States Supreme Court's Office of Public Information" (Dkt 37 at 3). Plaintiff's request for injunctive relief is improper. Plaintiff has not made a proper motion to amend his complaint to specify the injunctive relief sought. *See* FED. R. CIV. P. 15. Moreover, even if this Court were to grant Plaintiff's objection, it would not compel a different result in this case. Therefore, Plaintiff's objection is denied.

Plaintiff's third objection, although not entirely clear, appears to be an objection to the Magistrate Judge's determination that the claims against the Doe Defendants should be dismissed for his failure to effect timely service (Dkt 37 at 3). In tandem with this objection, Plaintiff filed a "Motion to Show Cause for Failure to Effect Service on Doe Defendants" in which Plaintiff argues that he has good cause for his failure to effect timely service on the Doe Defendants (Dkt 38). Specifically, Plaintiff argues that he failed to serve the Doe Defendants in a timely manner because (1) he is a layperson, (2) he was not aware that the Court "could have assisted Plaintiff in this matter," and (3) he believed that Defendant Wemple would "automatically produce" the identities of the Doe Defendant (Dkt 38 at 3). Plaintiff further requests that this Court issue an order requiring Defendant Wemple to produce the names of the Doe Defendants (Dkt 38 at 4).

Defendant Wemple filed a Response to Plaintiff's Motion to Show Cause, in which Defendant points out that Plaintiff has "acknowledges that he has done nothing to learn of the identities of [the Doe Defendants]" (Dkt 39 at 1-2). Plaintiff filed a Reply to Defendant Wemple's Response to Plaintiff's Motion to Show Cause, opining that Defendant Wemple's response was made "in bad faith" and is "misleading" to this Court (Dkt 42 at 1-2).

A plaintiff is responsible for serving the summons and complaint on a defendant within a designated time frame. FED. R. CIV. P. 4(c)(1). The time frame for service of process is 120 days

5

after the filing of the complaint. *See* FED. R. CIV. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

In the instant case, because Plaintiff is proceeding *in forma pauperis,* the Court ordered the Clerk to arrange for service of the summons and complaint upon Defendant Wemple; however, the Court lacked sufficient information to order service on the Doe Defendants (Dkts 3-5). Plaintiff has not demonstrated good cause to warrant an extension of time for service of process on the Doe Defendants. The Magistrate Judge correctly found that in the more than eight months since the Court ordered that service be effected on Defendant Wemple, Plaintiff has "neither requested an extension of time to effect service on the Doe Defendants nor requested the Court's assistance in identifying and/or effecting service on the Doe Defendants" (Dkt 35 at 11). In light of Plaintiff's lack of diligence, the Magistrate Judge properly concluded that Plaintiff's claims against the Doe Defendants should be dismissed without prejudice for failure to timely effect service. Plaintiff's objection is therefore denied. For the same reasons, Plaintiff's "Motion to Show Cause for Failure to Timely Effect Service on Doe Defendants" is also denied.

Therefore:

**IT IS HEREBY ORDERED** that the parties' objections to the Report and Recommendation (Dkts 36-37) are DENIED and the Report and Recommendation (Dkt 35) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 17) is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

6

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Show Cause for Failure to Timely Effect Service on Doe Defendants" (Dkt 38) is DENIED.


DATED: March 29, 2010 　　　　　　　　　　　／s／ Janet T. Neff　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　United States District Judge