UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DUNHAM-BEY,

    Plaintiff,                               Case No. 1:09-cv-191

v                                                   HON. JANET T. NEFF

CYNTHIA J. WEMPLE, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 concerning the opening and inspection of purported legal mail. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on February 4, 2010, recommending that this Court grant in part and deny in part defendant Wemple's Motion for Summary Judgment (Dkt 35). This Court approved and adopted the Report and Recommendation on March 29, 2010, granting defendant Wemple's motion as to all claims except Plaintiff's claim that defendant violated his First Amendment right to receive legal mail (Dkt 45). Defendant Wemple submitted a second Motion for Summary Judgment regarding the remaining claim (Dkt 40). The Magistrate Judge issued a Report and Recommendation on July 12, 2010, recommending that this Court grant the second motion because the mail in question did not constitute legal mail and Plaintiff had therefore not suffered a violation of his constitutional rights due to the opening and inspection of this mail outside his presence (Dkt 50). Alternatively, the Magistrate Judge

1

recommends that Plaintiff's claims for monetary damages against defendant be dismissed because defendant is entitled to qualified immunity (*id.*).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 51). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents essentially three objections to the Magistrate Judge's Report and Recommendation. The Court turns first to Plaintiff's objection to the Magistrate Judge's determination that the mail sent to him from the United States Supreme Court Office of Public Information does not constitute legal mail. Plaintiff emphasizes that the correspondence came from "an actual court," namely, the United States Supreme Court (Dkt 51 at 5). Thus, Plaintiff contends that his correspondence from "the United States Supreme Court, Office of Public Information" is legal mail protected by the First Amendment (*id.*).

While Plaintiff is correct that "mail from a court constitutes 'legal mail,'" *Sallier v. Brooks,* 343 F.3d 868, 877 (6th Cir. 2003), Plaintiff fails to appreciate the distinction drawn by the Magistrate Judge between correspondence from a court regarding a pending legal matter and correspondence from a court's office of public information (Dkt 50 at 10-12). The reason for adopting the bright line rule that "mail from a court constitutes 'legal mail'" was to protect against "a chilling effect on a prisoner's exercise of his or her First Amendment rights and to protect the right of access to the courts," as mail from a court is generally of a hybrid nature and "will frequently, but not necessarily, involve a currently pending legal matter affecting the prisoner's

rights." *Sallier*, 343 F.3d at 877. However, as the Magistrate Judge pointed out, the Sixth Circuit Court of Appeals also held that "[n]ot all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights." *Id.* at 874. This holding is premised on the notion that mail from some legal sources has little or nothing to do with the rights the First Amendment safeguards were designed to protect: the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts.[1] *Id.*

The Court agrees with the Magistrate Judge that Plaintiff's correspondence from the Office of Public Information would, by the very nature of the source, contain "public information," i.e., not confidential, personal, or privileged material that the First Amendment was intended to protect (Dkt 50 at 11). The Magistrate Judge properly determined that correspondence from the Office of Public Information is more akin to correspondence from sources such as county clerks and the American Bar Association, which does not constitute legal mail absent a "specific indication" on the envelope that the contents are "to be opened only in the presence of the prisoner" (*id.*). Accordingly, the Court agrees with the Magistrate Judge's conclusion that the correspondence at issue does not qualify as constitutionally protected legal mail, and therefore no constitutional violation occurred in opening the correspondence outside of Plaintiff's presence.

Plaintiff also objects to the Magistrate Judge's statement that he sued defendant Wemple in her official capacity for both monetary and injunctive relief (Dkt 50 at 7; Dkt 51 at 2). According to Plaintiff, he sued defendant Wemple in her official capacity for only injunctive relief (Dkt 51 at 2). As the Magistrate Judge acknowledged, there is a remedy of prospective injunctive relief in an

---

[1] In its March 29, 2010 Order (Dkt 45), this Court adopted the Magistrate Judge's determination that defendant was "entitled to summary judgment as to Plaintiff's Access to the courts claim."

3

action against a state official in her official capacity (Dkt 50 at 8, citing *Ex Parte Young,* 209 U.S. 123 (1908)). Plaintiff's objection, however, does not support a different result in this case. An injunctive remedy would be misplaced in this case, where, as previously stated, no constitutional violation occurred.

Plaintiff's last objection is to the Magistrate Judge's conclusion that defendant Wemple is entitled to qualified immunity for the damages claim brought against her in her personal capacity (Dkt 50 at 12-14; Dkt 51 at 2, 4). Plaintiff's objection demonstrates only his disagreement with the Magistrate Judge's conclusion; it does not demonstrate any factual or legal error by the Magistrate Judge. The Magistrate Judge properly concluded that defendant is entitled to qualified immunity where the evidence establishes that defendant did not violate Plaintiff's constitutional rights (Dkt 50 at 13-14).

For these reasons, and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007). A Judgment will be entered consistent with this Opinion and Order.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt 51) are DENIED, and the Report and Recommendation (Dkt 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that defendant's second Motion for Summary Judgment (Dkt 40) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.


Date: November 8, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge